UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------X
UNITED STATES OF AMERICA   :
                           :
     v.                    :    DOCKET NO. 1:15-CR-10037-IT
                           :
ROBERT RANG,               :
     Defendant             :
-----------------------------------------------X
```

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE OF, OR REFERENCE TO PRIOR CONVICTIONS, ALLEGED CRIMES, WRONGS, OR OTHER BAD ACTS OCCURRING IN PENNSYLVANIA AND NEW YORK

Defendant, Robert Rang, hereby moves this Court to exclude, prohibit any mention of, and to order the Government to instruct its witnesses not to mention (a) Mr. Rang's prior convictions for Corruption of a Minor, Indecent Assault of a Person Under 16, and Disorderly Conduct, (the "Pennsylvania case"); and (b) any communications with a minor in New York, (the "New York" allegations). As grounds therefore, Mr. Rang states:

1. Several rules governing the admissibility of other bad-acts evidence operate in tandem. *Huddleston v. United States*, 485 U.S. 681, 690-692 (1988). First, the evidence must be relevant. *Id*. at 691, *citing* Fed. R. Evid. 402  Second, a jury must be able to reasonably conclude that the act occurred. *Id*., *citing* Fed. R. Evid. 104(b). Third, if the evidence is relevant, it must be relevant for a purpose other than for its propensity value. *Id*., *citing* Fed. R. Evid. 404. And finally, if the evidence is determined to be relevant for a non-propensity purpose, its probative value must not be substantially outweighed by its unfair prejudice. *Id*., *citing* Fed. R. Evid. 403

2.      Here, evidence of Mr. Rang's past convictions for corruption of a minor, indecent assault of a person under 16, and disorderly conduct are simply not relevant to proving the crime charged – attempted coercion and enticement of a minor – and accordingly is inadmissible.  Fed. R. Evid. 402  The Government will be required to prove to the jury that Mr. Rang attempted to use a facility of interstate commerce to persuade, induce, entice, or coerce the complainant to engage in illegal sexual activity.  The facts of the Pennsylvania case – concerning events occurring nearly seven years ago – bear no relation to this case.  There, witnesses allegedly observed Mr. Rang

> on the porch with a young boy who pulled his pants down three times, and whose genital area [Mr. Rang] then fondled.  The witnesses reported that the fourth time this occurred, the boy pulled down his pants and the defendant did as well, exposing himself.  The boy then sat on the defendant's lap.  The witnesses watched this occur for five to ten minutes before one of them ran across the street and yelled at the defendant stating that she was calling the police.

Presentence Report, ¶ 58.

3.      With respect to the New York allegations, the evidence is derived from an interview law enforcement allegedly engaged in with the minor's parents.  Any information provided by these individuals is inadmissible hearsay, *see* Fed. R. Evid. 801(c), in addition to being insufficient evidence upon which a jury could conclude "that the act occurred and the defendant was the actor."  *Huddleston*, *supra* at 689.  Accordingly, it is inadmissible.  *See* Fed. R. Evid. 104(b)

4.      Rule 404(b) operates as a gatekeeper to make sure bad-acts evidence is not introduced solely to prove criminal disposition.  While permissible grounds for admission of the Pennsylvania case and the New York allegations could conceivably

exist, (i.e., if the Government sought to use either or both to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"), none of these grounds is present in this case.  There is no connection between these prior alleged bad acts and the allegations underlying this indictment so that the Pennsylvania case or the New York allegations would serve as proof of Mr. Rang's opportunity, intent, preparation, plan or knowledge in this case.  Moreover, Mr. Rang is not raising any defense based on identity, mistake or accident that would open the door to the Government's use of this evidence in negation.

     5.     Finally, even if the Court determines that the evidence is relevant for a non-propensity purpose, its probative value is entirely outweighed by the danger of unfair prejudice that would result from admission of the highly charged details of the Pennsylvania case, and the apparent similarity between the New York allegations and the allegations underlying this indictment.

For these reasons, Mr. Rang respectfully moves this Court to exclude from the trial of this matter all evidence of or reference to prior convictions, alleged crimes, wrongs, or other bad acts occurring in Pennsylvania and New York.

Date:  May 15, 2017                                                              By His Attorney:

/s/ Eric Tennen
Eric Tennen, BBO # 650542
Swomley & Tennen, LLP
50 Congress Street, Suite 600
Boston, MA 02109
(617)227-9443
etennen@swomleyandtennen.com

## *Certificate of Service*

    I, Eric Tennen, hereby certify that I have duly served the Defendant's Proposed Voir Dire of Prospective Jurors to counsel of record via ECF this 15th day of May, 2017.

                                                /s/ Eric Tennen
                                                Eric Tennen