UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | * | |
| --- | --- | --- |
| | * | |
| v. | * | Criminal No. 1:15-cr-10037-IT-1 |
| | * | |
| ROBERT RANG, | * | |
| | * | |
| Defendant. | * | |

ORDER

June 23, 2017

TALWANI, D.J.

This Order addresses the remaining issue raised in Defendant Robert Rang's <u>Motion in Limine to Exclude Any Evidence of, or Reference to[,] Prior Convictions, Alleged Crimes, Wrongs, or Other Bad Acts Occurring in Pennsylvania and New York</u> [#196]: Defendant asks the court to exclude evidence relating to communications with a minor in New York.[1]

Defendant contends that the evidence should be excluded because: it is inadmissible hearsay; there is insufficient evidence upon which a jury could conclude that the act occurred and that Defendant was the actor; Rule 404(b) prevents admission of the evidence to prove criminal disposition and there is no other relevance of the communications; and the probative value of the evidence is outweighed by the danger of unfair prejudice and must be excluded under Rule 403. The government responds that the evidence sought to be introduced – text messages asking if the recipient video chatted and if he had tried masturbating,[2] and testimony from the recipient's parents that the text messages were on their son's phone and that he was

---

[1] The court previously addressed two other issues raised by the motion and invited additional briefing regarding the issue now before the court. Order [#227]; Order [#230].
[2] The text messages are set forth in the government's <u>Supplemental Opposition to Defendant's Motion in Limine</u> [#224].

nine years old at the time of the messages -- is not hearsay, and that the evidence may be introduced under Rule 414(a) of the Federal Rules of Evidence to show propensity, and under Rule 404(b) to show that Rang was the individual who communicated with the alleged victim in this case over the phone and the internet, and to prove his intent, knowledge, lack of mistake, and motive for sending the communications to the alleged victim in this case, and that the balancing test required by Rule 403 is satisfied by Rule 414's recognition of the probative value of the evidence.

The court finds no reason to exclude the evidence as hearsay or on the grounds that there is insufficient evidence upon which a jury could conclude that Defendant sent the messages at issue, assuming that an appropriate foundation is laid at trial.

The court also finds Rule 414(a) applicable here. In a criminal case in which a defendant is accused of child molestation, Rule 414(a) "remove[s] the propensity bar to admissibility of certain evidence." United States v. Joubert, 778 F.3d 247, 253-54 (1st Cir. 2015) (quoting Martínez v. Cui, 608 F.3d 54, 59 (1st Cir. 2010)). The crime charged here, 18 U.S.C. § 2422(b), falls within 18 U.S.C. chapter 110, and thus constitutes child molestation under Rule 414(d)(2)(B).

The government argues that the evidence at issue constitutes evidence that Defendant committed another violation of 18 U.S.C. § 2422(b), and therefore may be admitted under Rule 414(a). Defendant disagrees, arguing that a necessary element of this crime is the defendant's knowledge that the minor was under the age of 18, which the government cannot show. The government disputes that this knowledge is a necessary element of the crime and argues that the evidence is in any event sufficient to show such knowledge.

With regard to the necessary element, Defendant points to United States v. Coté, 504 F.3d 682 (7th Cir. 2007), which considered the claim that 18 U.S.C. § 2422(b) was unconstitutional because "the statute [did] not contain a scienter requirement with respect to the age of the victim," and thus inhibited protected legal and expressive adult activity in violation of the First Amendment. Id. at 684. The Seventh Circuit found that the statute, if read without a scienter requirement for the age of the victim, arguably could chill protected forms of expression. Id. It rejected the constitutional challenge, however, explaining that the Supreme Court established a presumption in favor of a scienter requirement for each statutory element that criminalizes otherwise innocent conduct, and that with regard to 18 U.S.C. § 2252, "the age of the victim is 'the crucial element separating legal innocence from wrongful conduct.'" Id. at 686 (quoting United States v. X–Citement Video, 513 U.S. 64, 73 (1994), and citing United States v. Meek, 366 F.3d 705 (9th Cir. 2004)). The court concluded that it is the government's burden in such a case to show "that the defendant intended to undertake one of the proscribed acts with respect to a minor." Id. at 687 (emphasis omitted).[3]

United States v. Dwinells, 508 F.3d 63 (1st Cir. 2007), is consistent with Coté. As the First Circuit explained, "[p]lainly, the statute requires that a defendant possess the specific intent to persuade, induce, entice, or coerce a minor into committing some illegal sexual activity." Id. at 68. So interpreted, "there is no realistic danger that section 2422(b) . . . criminalizes protected

---

[3] The government's contrary argument that knowledge of the minor's age is not necessary under 18 U.S.C. § 2422(b) includes no discussion of the constitutional issue that would be raised by criminalizing speech without a specific intent that the speech be directed to a minor. Instead, the government relies on a statutory interpretation of 18 U.S.C. § 2422(b) found in United States v. Daniels, 685 F.3d 1237 (11th 2012). Daniels involved a defendant who was also convicted of transporting the victim, and the court's interpretation relied on cases and statutes involving the actual transportation of minors rather than on cases involving speech. Id. at 1248. The Daniels court explicitly distinguished Coté and Meek in part because those cases addressed First Amendment challenges not at issue in Daniels. Id. at 1249 n.15.

speech. Speech intended deliberately to encourage minors' participation in criminal sexual conduct has no redeeming social value and surely can be outlawed under the same rationale that allows proscription of the provision of pornography to minors." Id. at 70-71. Accordingly, the evidence at issue here falls within Rule 414 if a jury could find it more probable than not that defendant believed the recipient of the New York was less than 18 years of age.

Here, assuming a sufficient foundation is laid that the text messages were sent by the defendant, a jury could reasonably make this finding based on the text messages themselves, which included the inquiry of whether the recipient had "ever tried masturbating," the encouragement that "[i]t feels so good u have no idea" and the reassurance that the sender "[won't] make fun of u." Gov't's Supp. Opp. 2 [#224]. Accordingly, evidence that the defendant committed a violation of 18 U.S.C. § 2422 through the New York communications may be considered on any matter to which they are relevant, Fed. R. Evid. 414(a), assuming that there is a proper foundation for the texts.

Here, the government argues that the evidence is relevant because it shows Defendant's propensity to commit the crime charged here.[4] The court agrees that the text messages are relevant to show propensity based on the similarity between the texts at issue in New York and the allegations underlying this indictment.

Relevant evidence, including evidence under Rule 414, may be excluded under Rule 403 where the probative value is substantially outweighed by a danger of unfair prejudice. Defendant argues that the probative value of the texts is substantially outweighed by the danger of unfair

---

[4] The government argues that it is also relevant for the purpose of identifying Defendant as the individual who communicated with the alleged minor victim here, and to prove his intent, knowledge, lack of mistake, and motive for sending the communications. Defendant contends that he is not raising any defense based on identity, mistake, or accident. At this juncture, the record is not sufficiently developed to address these other purposes.

4

prejudice caused by the apparent similarity between the New York allegations and the allegations underlying this indictment. That "the prior conduct was similar to the charged conduct enhances its presumed probativeness," and the prejudicial effect of the texts may be properly addressed with a limiting instruction. United States v. Majeroni, 784 F.3d 72, 76 (1st Cir. 2015).

The government also seeks to introduce the parent's testimony that their son was nine years old at the time of the communications. That testimony is not relevant, however, in the absence of evidence that Defendant knew or believed that the New York recipient was nine, or even that he was prepubescent. And if somehow relevant in the absence of the evidence, its probative value is substantially outweighed by the danger of unfair prejudice.

Accordingly, the Motion in Limine to Exclude Any Evidence of, or Reference to[,] Prior Convictions, Alleged Crimes, Wrongs, or Other Bad Acts Occurring in Pennsylvania and New York [#196] is further ALLOWED IN PART with respect to testimony as to the actual age of the child in New York, and DENIED IN PART with respect to the text messages to the New York recipient.

IT IS SO ORDERED.

Date: June 16, 2017

/s/ Indira Talwani
United States District Judge